**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re: | : | |
|     SERVICOM, LLC, | : | Case No. 18-31722 (AMN) |
|     JNET COMMUNICATIONS, LLC, | : | Case No. 18-31723 (AMN) |
|     VITEL COMMUNICATIONS, LLC, | : | Case No. 18-31724 (AMN) |
|         *Debtors* | : | (Jointly Administered Under |
| | : | Case No. 18-31722 (AMN))[1] |
| | : | |
| | : | ECF No. 1366, 1389 |
| | : | |
|     VFI KR SPE I, LLC, | : | Adv. Pro. No. 19-3005 (AMN) |
|         *Plaintiff* | : | |
| v. | : | |
| | : | |
|     EUGENE CALDWELL, | : | |
|     DAVID JEFFERSON, and CORAL | : | |
|     CAPITAL SOLUTIONS, LLC, | : | |
|         *Defendants* | : | AP-ECF Nos. 494, 506 |
| | : | |
|     BARBARA H. KATZ, | : | Adv. Pro. No. 19-3006 |
|     CHAPTER 7 TRUSTEE, | : | |
|         *Plaintiff* | : | |
| v. | : | |
| | : | |
|     EUGENE CALDWELL, | : | |
|     DAVID JEFFERSON, and CORAL | : | |
|     CAPITAL SOLUTIONS, LLC, | : | |
|         *Defendants* | : | AP-ECF No. 430, 448, 468 |

**MEMORANDUM OF DECISION AND ORDER DENYING**
**MOTION TO AMEND COMPLAINT IN 19-3006 AND**
**ADJUSTING DEADLINES FOR FILING OF DISPOSITIVE MOTIONS**

On April 28, 2022, defendants, Eugene Caldwell ("Caldwell") and David Jefferson ("Jefferson"; together with Caldwell, "Movants") filed a motion in adversary proceeding

---

[1] Although these estates are being jointly administered, they are not substantively consolidated.

case no. 19-3006 ("AP Case 3006"), seeking to further amend their amended answers, affirmative defenses, counterclaims, and crossclaims pursuant to Fed.R.Civ.P. 15(a). AP-ECF No. 430.  In support, the Movants filed a lengthy (267-page) proposed amendment that asserts four additional crossclaims based on tortious interference, unfair and deceptive trade practices, fraud, and fraud on the court against defendant, Coral Capital Solutions, Inc. ("Coral") and adds one amended counterclaim seeking declaratory relief against the plaintiff, Barbara Katz, Chapter 7 Trustee ("Trustee").[2]  The Trustee objected, arguing the amendment would be prejudicial to the Trustee and the bankruptcy estate and would cause undue delay of this now three-year-old controversy.[3]  Coral likewise objected arguing any amendment would cause delay due to new, necessary discovery and additional motion practice.[4]

Coral also moved for a thirty-day extension of the current Pre-Trial Order regarding the pending disputes.[5]  The Trustee and VFI KR SPE I, LLC ("VFI"), the plaintiff in another adversary proceeding, case no. 19-3005 ("AP Case 3005"), objected to any modification of the Pre-Trial Order.[6]  The current scheduling orders establish a Dispositive Motions Meet and Confer Deadline of **June 1, 2022**,[7] with dispositive motion deadlines extending to August 17, 2022.[8]  Because the Dispositive Motions Meet and Confer Deadline was extended for one week for reasons explained in the motions filed on May 22, 2022, the

---

[2]    AP-ECF Nos. 431, 437 (sealed).
[3]    AP-ECF No. 458.
[4]    AP-ECF No. 459.
[5]    ECF No. 1366 in 18-31722; AP-ECF No. 494 in 19-3005; AP-ECF No. 448 in 19-3006.
[6]    ECF Nos. 1371, 1375 in 18-31722; AP-ECF No. 495 in 19-3005; AP-ECF Nos. 449, 452 in 19-3006.
[7]    The court granted a motion to extend this deadline by one week. ECF No. 1387; AP-ECF No. 505 in 19-3005; AP-ECF No. 467 in 19-3006.
[8]    ECF No. 1333; AP-ECF No. 458 in 19-3005; AP-ECF No. 395 in 19-3006.

2

dispositive motion deadline will be extended to **June 15, 2022**, with any responses due by **July 29, 2022**, and any replies due by **August 17, 2022.**

"Although Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint shall be freely given when justice so requires, [ ] courts may deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) (internal citations omitted). The Second Circuit has referred to the prejudice to the opposing party resulting from a proposed amendment as among the "most important" reasons to deny leave to amend. *AEP Energy Services Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010)(*citing, State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981) ("Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party.").

The record of the disputes among these parties (including the Movants, Coral, the Trustee and VFI) suggests the facts underlying Movants' allegations may have been known by the Movants' counsel (or were known to be likely supported by evidence after further discovery and investigation) as early as September 15, 2021, when Coral's counsel admitted during a status conference and hearing on earlier discovery disputes that the side collateral funds had been deposited into Coral's operating account. Case 18-31722, ECF No. 1158 Audio of Hearing Held September 15, 2021 at 00:32:11 - 00:33:20; *see also*, AP-ECF 356 in Case No. 19-3005; AP-ECF No. 290 in 19-3006. The discovery period for the currently pending claims broadly involving the same subject matter (the side collateral funds) closed months later – after several extensions and discovery disputes requiring court intervention – on April 26, 2022. The record reflects

3

the deposition of Coral's Rule 30(b)(6) witness concluded on March 9, 2022, over five months after the statement made in the September 2021 hearing.

Here, the court concludes the Movants' request to add these new crossclaims and counterclaim is untimely and would cause undue delay and prejudice. This adversary proceeding (AP Case No. 19-3006) is not a case existing within its own silo. Rather, it is but one part of a complex dispute involving not only multiple parties but also several, disputed pending motions in the underlying Chapter 7 case, case no. 18-31722, and AP Case 3005. Permitting the Movants to add these new claims at this late stage would delay dispositive motion practice and the commencement of a complex and (likely) lengthy trial between multiple parties. Given the history of these disputes, allowing the amendment would spark fresh rounds of motion practice and discovery, leading to further delay of any resolution of the long-pending dispute.

The Movants claim without support that no further discovery will be needed if their amendments were allowed, but they fail to articulate why Coral or the Trustee should be denied the opportunity to pursue discovery in light of the newly asserted claims. The Movants' motion is silent as to why its new claims against Coral were asserted only after all discovery was completed. On the other hand, Coral's argument that it would be entitled to discovery on the issue of damages under these new tort theories is compelling.

Importantly, the prejudice caused to other, non-moving parties by this late amendment would increase cost and delay a final resolution of this more than five-year-old bankruptcy estate. It is not just the parties in this adversary proceeding that will be affected. As the Trustee noted, the delay in the resolution of these pending disputes delays her ability to complete administration of the underlying Chapter 7 case and make

distributions to unsecured creditors, including many former employees holding priority wage claims.

As evidenced by multiple hearings over the past year to address myriad discovery disputes, Coral and the Trustee (along with VFI in AP Case 3005) have expended significant resources to complete discovery on the pending claims in anticipation of the upcoming dispositive motion deadline.  Allowing amendment to the pleadings at this late stage – when it appears the same relief could have been sought months earlier – would result in protracted delay and additional expense to the non-moving parties.

The delay to a final resolution and the resulting prejudice outweigh the Movants' right to freely amend at this stage of the proceedings.

The court has considered all other arguments and finds them unpersuasive and unsupported by the record.

Accordingly, it is

**ORDERED**: The Movants' motion to amend the complaint filed in adversary proceeding case number 19-3006, AP-ECF No. 430 in 19-3006, is denied; and it is further

**ORDERED**: Coral's motion to modify the scheduling order, ECF No. 1366 in 18-31722; AP-ECF No. 494 in 19-3005; AP-ECF No. 448 in 19-3006, is denied, although modified dispositive motion deadlines will enter for the reasons underlying ECF No. 1387; AP-ECF No. 505 in 19-3005; AP-ECF No. 467 in 19-3006; and it is further

**ORDERED:**  Any motions for an expedited hearing are denied; and it is further

**ORDERED**:  On or before **June 15, 2022** dispositive motions shall be filed; and it is further

**ORDERED**:  On or before **July 29, 2022** any objections to dispositive motions shall be filed; and it is further

**ORDERED**:  On or before **August 17, 2022** any reply to an objection shall be filed.

Dated this 23rd day of May, 2022, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut