**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| SERVICOM, LLC<br>JNET COMMUNICATIONS, LLC<br>VITEL COMMUNICATIONS, LLC<br><br>     *Debtors* | Case No. 18-31722 (AMN)<br>Case No. 18-31723 (AMN)<br>Case No. 18-31724 (AMN)<br>(Jointly Administered Under 18-31722)<br><br>ECF Nos. 2354, 2372, 2384 |

**MEMORANDUM OF DECISION REGARDING A REQUEST FOR A**
**DETERMINATION REGARDING THE NEED FOR FURTHER MONETARY DAMAGES,**
**AWARDS, SANCTIONS, PENALTIES, ATTORNEY'S FEES OR OTHER PAYMENTS**

These jointly administered Chapter 7 cases for Servicom, LLC, JNET Communications, LLC, and Vitel Communications, LLC (together, "Debtors") commenced as Chapter 11 cases on October 19, 2018 (case number 18-31722 is the "Main Case"). The Court granted the Debtors' motion to convert their cases to cases under Chapter 7 in early 2019. The docket for the Main Case now exceeds 2,300 docket entries and familiarity with the present dispute is assumed, including the Court's earlier decisions relating to various secured claims, the various cash collateral orders entered during the Chapter 11 phase of the bankruptcy cases, a decision precluding evidence of a cash management system as irrelevant to the issues presented here, and a decision disallowing an early termination fee under the Debtors' pre-petition Factoring Agreement. ECF Nos. 279, 319, 2033, 2162, 2187.

Chapter 7 Trustee Barbara H. Katz (the "Trustee"), Coral Capital Solutions LLC ("Coral"), creditor VFI KR SPE I, LLC ("VFI"), and interested parties Rev. Dr. David Jefferson and Mr. Eugene Caldwell ("J&C") (collectively, the "Mediation Parties") have been embroiled in a years-long legal dispute regarding the nature, extent, priority and enforceability of Coral's assertion of secured claims against the bankruptcy estates and

numerous collateral issues that flowed from Coral's litigation stance. Coral alleged the Debtors owed Coral $3,152,850.86, excluding attorneys' fees and costs, based upon a secured claim arising from certain pre- and post-petition factoring agreements. ECF No. 1940. Some of the Mediation Parties also disputed the validity, extent, priority and enforceability of the VFI and J&C claims.

After the Court entered a Memorandum of Decision and Order Determining Amount of Coral Capital Solutions LLC's Pre-Petition and Post-Petition Factoring Agreement Claims and Pre-Petition Term Loan Claim (ECF No. 2187, the "Coral Claim Decision") and after a lengthy, sustained mediation effort by court-appointed mediator United States Bankruptcy Judge James Tancredi[1], the Trustee seeks authority pursuant to Fed.R.Bankr.P. 9019(a) to enter into a substantial global settlement agreement (the "Settlement and Release Agreement", ECF No. 2372). If approved, the Settlement and Release Agreement would result $0 being paid to Coral for its $3,152,850.86 claim, and instead Coral will pay $2,468,995.42 to the other Mediation Parties. The three pending adversary proceedings among these parties (19-3005, 19-3006, and 22-3010) would be dismissed, as well as all pending District Court appeals. See ECF Nos. 2354, 2372, 2375. The Trustee would make substantial distributions on account of allowed claims to VFI and J&C.

Tucked into the Settlement and Release Agreement in paragraph 3(b), without explanation, is the following set of conditions:

> (b) For the avoidance of doubt, and without limiting the language of Section 2 of this Agreement, the Coral Settlement Payments are contingent upon the following two conditions precedent, which together are referred to as the "Settlement Conditions": (1) the Effective Date shall have occurred; and (2) *the Bankruptcy Court determining that it will not pursue, impose or assess any further damages,*

---

[1] The Mediation Parties were unanimous in their appreciation and regard for Judge Tancredi's efforts during the mediation process. To get these four parties to agree on anything is difficult, and their agreement on this is a testament to Judge Tancredi's skill and creativity as a mediator.

*awards, sanctions, penalties, attorney's fees or other payments against Coral, or its counsel, related to the Factoring Agreement, the Term Note, the Side Collateral, the Litigations or any other matter concerning or related to the Debtors and these bankruptcy proceedings.* If either Settlement Condition is not satisfied, then this Agreement will not become effective, the Parties will return to the status quo ante, Coral shall have no obligation to make the Coral Settlement Payments or to otherwise perform under this Agreement, and each and all of the Litigations and the Appeals will resume.
ECF No. 2372-1, p. 4, ¶ 3(b)(emphasis added).

A bankruptcy court's role in approving or disapproving a Chapter 7 trustee's proposed settlement of a claim is to determine whether the Trustee has canvassed all facts and applicable law and exercised her business judgment reasonably. If so, a court must also determine whether the proposed agreement is fair and equitable, and whether it falls above the lowest point of reasonableness. *In re: Iridium,* 285 B.R. 822 (S.D.N.Y. 2002). Courts within this Circuit apply a well-known set of criteria to assist a judge in making this determination. Based upon the record and the Trustee's motion, it is easy to apply the *Iridium* factors to the Settlement and Release Agreement and determine the Trustee's request should be granted, except for paragraph 3(b)(2) which asks for a court determination for the benefit of Coral and its counsel.

No litigant may dictate how, when, or if a court or a judicial officer exercises a court's inherent authority to enforce federal rules, statutes or ethical codes of conduct. Yet, among the disputes the Settlement and Release Agreement seeks to resolve is the question of whether the Court will exercise its inherent enforcement power to impose any monetary sanctions on Coral or its counsel. Notwithstanding Coral's contradictory statements during the May 14th hearing about whether it is affirmatively seeking the determination called for in paragraph 3(b)(2), it is clear from the posture of the Settlement and Release Agreement that Coral and its counsel seek exactly that: a determination from the Court.

During the May 14 hearing, counsel for Coral acknowledged – though only after pointed inquiry from the Court, as has been a regrettable pattern in this case – that the $1,350,000 was to compensate the other Mediation Parties for their attorneys' fees.  ECF No. 2386,[2] at 00:11:03 ("…the intention was to compensate them for attorney's fees.")  The Court construes Coral's counsel's statements and those of the other Mediation Parties during the May 14th hearing to be an oral request pursuant to Fed.R.Bankr.P. 9013(a)(2) for an order making the determination required by paragraph 3(b)(2) of the Settlement and Release Agreement.

Based on the record here and the representations that Coral is paying $1,350,000 and that Coral's counsel is providing Coral with a financial accommodation detailed in ECF No. 2384, the Court concludes the payment is a sufficient monetary resolution to any further exercise of the Court's inherent power and duty to enforce Fed.R.Bankr.P. 9011, Fed.R.Civ.P. 11, and 28 U.S.C. § 1927.  In reaching this determination the Court gave significant weight to the request made by each of the other Mediation Parties that the Settlement and Release Agreement be approved and that the $1,350,000 payment (of $450,000 to each) would be an appropriate and complete resolution of their particular claims against Coral or its counsel.

Separately, the Court will enter an Order Granting Motion to Approve Settlement Between and Among (1) Barbara H.  Katz, Chapter 7 Trustee; (2) Coral Capital Solutions LLC; (3) VFI KR SPE I, LLC; and (4) David Jefferson and Eugene Caldwell.

Dated this 22nd day of May, 2026, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut

---

[2] ECF No. 2386 is a PDF with an MP3 attachment.  The MP3 file is an audio recording of the May 14, 2026, hearing.